UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES of AMERICA**  ) ) ) v.  ) ) **NELSON DIAZ,**  ) ) **Defendant.**  ) ) | **Criminal No.**  **05-40018-FDS** |

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE

**SAYLOR, J.**

Defendant Nelson Diaz pleaded guilty in January 2007 to drug charges and was sentenced to a term of imprisonment. Defendant now seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of the retroactive amendment of the sentencing guidelines concerning crack cocaine. For the reasons stated below, the motion will be denied.

**I.   Background**

On January 1, 2007, defendant pleaded guilty to a superseding indictment charging him with distribution of heroin, in violation of 21 U.S.C. §841(a)(1); conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846; and three counts of distribution of cocaine base, in violation of 21 U.S.C. §841(a)(1). Defendant and the government entered into a binding plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) that contained an agreed-upon sentencing recommendation of 87 months, based on an anticipated total offense level of 27.

On May 4, 2007, this Court conducted a sentencing hearing. The Court accepted the binding agreement and adopted the guidelines calculation as set forth in the Presentence Report.

The PSR, however, concluded that the total combined weight of heroin and crack cocaine supported a base offense level of 28 pursuant to U.S.S.G. §2D1.1.  After awarding defendant a three-level downward adjustment for acceptance of responsibility, the PSR concluded that defendant had a total offense level of 25, and therefore a guidelines sentencing range of 63 to 78 months of imprisonment.  At the hearing, both parties assented to the lower guideline range, notwithstanding the terms of the written plea agreement that contemplated an 87-month sentence.  The Court accordingly sentenced defendant to a prison term of 78 months.  Neither party appealed.

Defendant has now moved to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2), in accordance with the retroactive amended sentencing guidelines for crack cocaine.

## II.     Analysis

The Court does not have the authority to reduce the sentence under the circumstances presented here.  The sentence in this case was imposed as a result of an express stipulation in the plea agreement under Fed. R. Crim. P. 11(c)(1)(C).  A motion for reduction of sentence under § 3582(c)(2) based on a retroactive guideline amendment may not be granted where defendant has entered and been sentenced pursuant to a Rule 11(c)(1)(C) agreement.  *See United States v. Trujeque*, 100 F.3d 869, 871 (10th Cir. 1996) ("the district court should have dismissed [defendant's] motion without considering its merits."); *United States v. Peveler*, 359 F.3d 369, 377-79 (6th Cir. 2004).

The government further contends that the PSR was erroneous, and that the original calculation of the parties (upon which the plea agreement was based) was in fact correct.  As a result of the error, defendant received a sentence that assumed his total offense level was 25,

rather than 27. Thus, according to the government, defendant has already in fact received the benefit of a two-level downward adjustment, which is the same adjustment that the defendant would have received if the retroactive crack cocaine guidelines were to apply. That analysis appears to be correct, and accordingly even if the Court had authority to grant the motion, defendant has already received the benefit of a lower sentence.

**III.**     Conclusion

For the foregoing reasons, defendant's motion for reduction of sentence is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: July 22, 2009